# IN THE UNITED STATES BANKRUPTCY COURT

## THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| WOODBRIDGE HOSPITALITY, L.L.C., | Case No.2:21-bk-04096-BKM |
| Debtor. | **ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL THROUGH SEPTEMBER 29, 2021** |

Upon consideration of:

a)      Woodbridge Hospitality, LLC's ("Debtor") *Motion for Order Authorizing Debtor's Use of Cash Collateral to Pay Operating Expenses* ("Cash Collateral Motion") [Dkt. No. 37];

b)      the Debtor's *Omnibus Statement of Facts In Support Of Motions To Approve (A) Interim Unsecured Debtor-In-Possession Financing, (B) The Debtor's Use Of Cash Collateral, (C) The Sale Of Property, (D) The Assumption Of The Endeavors Subcontract, (E) The Retention Of Ledgestone Hospitality As Management Company, And (F) Other "First Day" Motions* (the "Statement of Facts")[1] [Dkt. No. 33] together with the *Declaration of Sukhbinder Khangura* ("Khangura Declaration") [Dkt. No. 36] and (ii) *Declaration of Michael Harris* ("Harris Declaration") [Dkt. No. 34];

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the meanings given to them in the Statement of Facts.

c)  The notice of non-consent to use of cash collateral [Dkt. No. 32], motion to prohibit use of cash collateral [Dkt. No. 29], objection to, among other things, the Debtor's use of cash collateral [Dkt. No. 56], and supplemental objection to the Debtor's use of cash collateral [Dkt. No. 108] (collectively, the "Lender's Objections") filed by Wilmington Trust, National Association, as Trustee, for the benefit of the holders of COMM 2015-CCRE26 Mortgage Trust Commercial Mortgage Pass-Through Certificates (the "Lender");

d)  The objection to the Debtor's Cash Collateral Motion ("Maxim Objection") [Dkt. No. 58] filed by Maxim Commercial Capital, LLC ("Maxim");

e)  The notice of non-consent to use of cash collateral [Dkt. No. 32] filed by the Arizona Department of Revenue;

f)  The revised, weekly, cash collateral budget for the period from June 17, 2021 through September 29, 2021 attached hereto as Exhibit "A" (the "Budget"); and

g)  The arguments of counsel at the hearings concerning the Cash Collateral Motion on June 9, 2021 at 2 p.m., June 17, 2021 at 11 a.m. and June 24, 2021 at 1:30 p.m.; and good cause appearing therefore,

**IT IS HEREBY ORDERED as follows**:

A.  The Cash Collateral Motion is hereby approved and granted, as modified by this Order, through and including September 29, 2021.

B.  Except as provided herein, the Lender's Objections and the Maxim Objection are over-ruled and denied.

C.  The ADOR's non-consent to the use of cash collateral has been addressed pursuant to the Budget.

D.  The Debtor is authorized to use its cash, revenues and proceeds ("Cash Collateral") to pay expenses in accordance with the Budget (with a 10% variance), including adequate protection payments to the Lender in the amount of $80,000 per month for the months of July, August and September 2021, beginning on July 15, 2021 (the "Adequate Protection Payments").

E.  In addition to the amounts set forth in the Budget, the Debtor is authorized to

use Cash Collateral to pay fees to the United States Trustee's office as such fees come due.

F.    Nothing herein shall be deemed to be a finding, conclusion, admission or concession that the Lender is entitled to receive or to be paid default interest on its asserted claim, and nothing herein shall prejudice any party's rights with respect to the manner in which the Adequate Protection Payments are or shall be applied to the Lender's allowed claim, if any, and all parties reserve their respective rights and arguments in these regards.

G.    Nothing in this Order shall prevent the Debtor, the Lender and Maxim from agreeing to the use of Cash Collateral for items that are not included in the Budget

H.    As additional adequate protection of its interests, and as adequate protection of Maxim's interests, if any, the Lender and Maxim (collectively, the "Secured Creditors") shall have a replacement lien (with the same validity, extent and priority as their respective pre-petition liens) in post-petition Cash Collateral to the extent that their respective interests in the pre-petition Cash Collateral are diminished.

I.    The Debtor and the Secured Creditors reserve their rights regarding any matters or issues not specifically addressed in this Order. Nothing in this Order will be deemed or construed as an admission or waiver by the Debtor or the Secured Creditors as to adequate protection, or any other issue in the Bankruptcy Case.

J.    This Order shall be binding upon and inure to the benefit of the Debtor and its successors and assigns.

**SO ORDERED** as of the date set forth above.

# EXHIBIT A

|  | June-21 Budget | | July-21 Budget | | | | | August-21 Budget | | | | September-21 Budget | | | October-21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | 6/17-6/23 | 6/24-6/30 | 7/01-7/07 | 07/08-07/14 | 07/15-07/21 | 07/22-07/28 | 07/29-08/04 | 08/05-08/11 | 08/12-08/18 | 08/19-08/25 | 08/26-09/1 | 09/02-09/08 | 09/09-09/15 | 09/16-09/22 | 09/23/09/29 |
| Beginning Cash Balance* | $180,331.62 | $ 59,303.43 | $106,860.31 | $57,378.42 | $46,577.22 | $287,855.46 | $180,881.35 | $ 131,837.19 | $ 122,763.08 | $ 285,749.75 | $ 253,279.01 | $ 204,094.80 | $ 194,880.64 | $ 370,516.13 | $ 342,023.30 |
| Revenue Payments from Contract |  | 91,021.50 |  |  | 306,090.00 |  |  |  | 306,090.00 |  |  |  | 316,293.00 |  | 316,293.00 |
| Less Expenses Being Paid |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| Payroll | (36,874.92) |  | (36,874.92) | (38,104.08) |  |  | (38,104.08) | (38,104.08) | (38,104.08) |  | (38,104.08) | (38,104.08) | (36,874.92) |  | (36,874.92) |
| Payroll Taxes | (1,805.77) |  | (1,805.77) | (1,865.97) |  |  | (1,865.97) | (1,865.97) | (1,865.97) |  | (1,865.97) | (1,865.97) | (1,805.77) |  | (1,805.77) |
| Rooms Supplies | (4,154.39) | (4,154.39) | (4,154.39) | (4,246.16) |  | (4,246.16) | (4,246.16) | (4,246.16) | (4,511.21) | (4,511.21) | (4,511.21) | (4,511.21) | (3,410.89) | (3,410.89) | (6,821.79) |
| Admin Expenses | (328.10) | (328.10) | (328.10) | (334.37) |  | (334.37) | (334.37) | (334.37) | (334.37) | (334.37) | (334.37) | (334.37) | (328.10) | (328.10) | (656.20) |
| Marketing Expenses |  |  |  |  |  | (125.00) | (125.00) | (125.00) |  |  |  |  |  |  |  |
| Repairs and Maintenance | (3,414.96) | (5,414.96) | (5,414.96) | (5,414.96) |  | (3,464.83) | (3,464.83) | (3,464.83) | (3,464.83) | (3,464.83) | (3,464.83) | (3,464.83) | (3,414.96) | (3,414.96) | (6,829.91) |
| Utilities |  | (17,900.00) |  |  |  | (17,900.00) |  |  |  | (17,900.00) |  |  |  | (14,900.00) |  |
| Information and Technology | (903.75) | (903.75) | (903.75) | (903.75) |  | (903.75) | (903.75) | (903.75) | (903.75) | (903.75) | (903.75) | (903.75) | (903.75) | (903.75) | (1,807.50) |
| Insurance** | (18,800.00) |  |  | (6,012.12) |  |  |  |  | (6,012.12) |  |  |  | (6,012.12) |  | (6,012.12) |
| Sales Tax Payments |  | (5,746.30) |  | (2,103.47) |  |  |  |  |  | (5,356.58) |  |  |  | (5,535.13) | (5,535.13) |
| Management Fees |  | (3,055.00) |  | (7,652.00) |  |  |  | (7,907.00) | (7,907.00) |  |  |  | (7,907.00) |  | (7,652.25) |
| Adequate Protection | (54,746.30) |  |  |  |  | (80,000.00) |  |  | (80,000.00) |  |  |  | (80,000.00) |  |  |
| Payments to Critical Vendors |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| Ending Cash Balance | 59,303.43 | 106,860.31 | 57,378.42 | 46,577.22 | 287,855.46 | 180,881.35 | 131,837.19 | 122,763.08 | 285,749.75 | 253,279.01 | 204,094.80 | 194,880.64 | 370,516.13 | 342,023.30 | 584,320.72 |

*Sources are DIP Accounts, Canyon Bank ($30,331.62) & DIP Loan ($150,000)

** 6/17-6/23 Insurance amount is one time only for remaining downpayment on GL & Property Insurance